## Stocker's Estate

Before Lamorelle, P. J., and Gest, Van Dusen and Stearne, JJ.

638

*Milton A. Kamsler,* of *Sundheim, Folz & Sundheim,* for exceptant.
*Joseph Carson* and *Sheldon F. Potter,* contra.

GEST, J., October 26, 1934.—The testatrix, who died in 1913, bequeathed $20,000 in trust, the income from which was to be paid to the daughters of her sister, Caroline S. Elbert, and upon the death of the last surviving life tenant the principal of the trust was to be distributed in accordance with the provisions of the residuary clause of her will. As to the residue of her estate, testatrix created a trust, the income from which was also to be paid to the daughters of Caroline S. Elbert, and upon the death of the last surviving life tenant she directed that "the principal of the income and residuary bequeathed to them shall be divided as follows: To my great nieces Alice Prime and Laurette deT. Prime, one eighth each, to my nephew Vincent L. Elbert, one fourth, to my niece Caroline Gilpin the remaining one half."

The last surviving life tenant died on February 12, 1934, and Vincent L. Elbert died previously, on May 3, 1924. The auditing judge held that his legacy was vested and awarded one fourth of the estate to his personal representatives. These exceptions were filed by one of the heirs of the testatrix, on the ground that the remainder was contingent upon Vincent L. Elbert surviving the life tenants, and as he did not survive them an intestacy resulted.

The argument presented in behalf of the exceptant rests upon the theory that the gift to Vincent L. Elbert was not express, but only implied from the direction of the testatrix that the principal "shall be divided" among the persons named.

We are clearly of opinion that the auditing judge was correct in his findings of law, and as we have recently construed similar phraseology in Buckman's Estate, 13 D. & C. 653, and Carson's Estate, 16 D. & C. 99, it does not seem necessary to repeat what has been said in those cases, which seem to us entirely in accord with the decisions of the Supreme Court in Groninger's Estate, 268 Pa. 184, and Edelman's Estate, 276 Pa. 503.

The case is indeed very similar to Stocker's Estate, 260 Pa. 385, where the Supreme Court, affirming this court, construed the will of Anne Marie Stocker, a sister of this testatrix, and that case was cited, among others, by the Supreme Court in Groninger's Estate, above referred to.

The exceptions are dismissed, and the adjudication is confirmed absolutely.